## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JOSÉ SANTIAGO INC.,**

      Plaintiff,

      v.                                         Civil No. 22-1239 (SCC/BJM)

**SMITHFIELD FOODS, INC.**, *et al.*,

      Defendants.

### <u>ORDER</u>

José Santiago, Inc. ("JSI") moved to compel Smithfield Packaged Meats Corp. ("SPMC") to provide responses to interrogatories and produce documents pursuant to Fed. R. Civ. P. 26, 33, 34, and 37 as well as D.P.R. Loc. R. 26 (b). Docket No. ("Dkt.") 60. SPMC opposed, Dkt. 63, and JSI responded. Dkt. 73. This motion was referred to me for disposition. Dkt. 65.

Jose Santiago Inc., a Puerto Rican food distributor, alleges that Smithfield Packaged Meats Corp., an American multinational food company, breached a contract between the two parties and violated Puerto Rico's Dealers' Contracts Act ("Law 75"), 10 L.P.R.A. § 278, by terminating a non-exclusive distribution agreement for Smithfield products that was said to have originated February 1, 2021 following the brand consolidation process of Farmland into Smithfield. Dkt. 25 at 8. JSI originally became an exclusive distributor of Farmland products in 1995 and continued selling products under the brand name until it was consolidated into the Smithfield brand in early 2021. Dkt. 25 at 6–7. Following the brand consolidation, JSI continued to sell some Smithfield branded products under a non-exclusive distribution agreement which it alleges SPMC violated when it began working with other distributors on the island to sell its products. *Id*.

JSI's motion to compel discovery requested the relative timeframe for the action to be "1995 to present." Dkt. 60 at 1. It contends its claims "naturally span the entirety of the relationship between JSI and SPMC" requiring the time period for discovery to begin in 1995 when JSI first became a distributor for the Farmland brand. *Id.* SPMC asked that discovery cover July 1, 2019 to

the present (including the period of brand consolidation), arguing that JSI has made over-expansive discovery requests that would burden SPMC unnecessarily. Dkt. 63 at 8.

Discovery may encompass "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, it must be "proportional to the needs to the case, considering the importance of the issues at stake in the action, . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Courts within the First Circuit have previously limited discovery to allegations contained in the plaintiff's complaint. In *U.S. ex rel. Duxbury v. Ortho Biotech Prod., L.P.*, a case involving fraudulent reimbursement claims and requests for discovery that included assertions that expanded its scope past the pleaded complaints, the district court limited discovery to the allegations contained within the amended complaint. 719 F.3d 31, 39 (1st Cir. 2013). *In Dahl v. Bain Cap. Partners, LLC*, a case involving leveraged buyout transactions and a request for discovery that extended past the alleged claims, the District Court limited discovery to the transactions that had been pleaded in the complaint. No. CIV.A. 07-12388-EFH, 2010 WL 3277024, at *1 (D. Mass. Aug. 18, 2010).

Here, JSI does not sufficiently establish a need for expanding the scope of discovery to a period of more than 25 years as it is not relevant to the liability or damages allegations in the Amended Complaint. The relationship JSI and SPMC established through the distribution of Farmland products before the brand consolidation does not form a part of the claims brought by JSI in response to the termination of the February 2021 agreement. Dkt. 63 at 5. The historical context it provides does little more than reaffirm the existence of the exclusive distribution agreement for farmland products that the parties previously maintained, a fact that SPMC has repeatedly acknowledged. Dkt. 63 at 8. There is no clear value in having such a broad discovery time frame when all the relevant admissible evidence about the relationship between both parties can be acquired from a much shorter time frame that includes the period of brand consolidation.

Even if earlier documentation could provide some marginal relevance, the significant burden of such discovery requests as noted by Smithfield Food's IT Delivery Directory Daria Skubiak in her declaration provides sufficient evidence that the costs of fulfilling plaintiffs' discovery requests would far outweigh their likely benefit. Docket No. 63-1 ¶¶ 6,7,8.

SPMC proposed a time frame for discovery extending from July 1, 2019 to the present, a period including JSI's allegations surrounding the contract formed around February 2021 and a lookback period of nearly two years from said contract as a buffer. Docket No. 63. This is a reasonable period of discovery that would give parties ample evidence of the brand consolidation process and related communications leading up to the formation of the contract.

For the foregoing reasons, JSI's motion to compel discovery is **DENIED**, and the time period for the disputed discovery requests shall be limited to 2019 to the present.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of July, 2023.

*S/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge